UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND, | Case No. 3:20-cv-00010-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM RUEBART, *et al.*, | |
| Defendants. | |

Roberto Durand, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1), and has filed an application to proceed *in forma pauperis* (ECF No. 1). In conducting the initial screening of this *pro se* action as required by 28 U.S.C. § 1915A, it has become apparent that the applicant's proposed complaint is duplicative of the claims he has alleged in a previously filed matter also pending before the Court. Accordingly, and as further explained below, the Court will dismiss the complaint as duplicative, and close this matter.

Plaintiff is an inmate incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1.) In his proposed Complaint, Plaintiff seeks to bring claims against multiple Defendants for their alleged delay in responding to an inmate fight on September 29, 2019, involving the applicant. He also alleges that, when Defendants did intervene in the fight, they used excessive force to terminate the altercation. Plaintiff has named William Ruebart, David Drummond, Ms. Mandaal, and Senior C/O Wheeler as Defendants. (*Id.* at 1-2.) Plaintiff asserts three counts, and seeks monetary and equitable relief. (*Id.* at 8.)

As indicated, a review of the proposed complaint establishes that it is duplicative of the allegations and claims made in a previously filed action, *Durand v. State of Nevada, et al.*, 3:19-cv-00365-MMD-WGC, ECF No. 9 (D. Nev. Filed Aug. 26, 2020). In both cases,

Plaintiff alleges that he was involved in an altercation with another inmate on September 29, 2019. He alleges, in both actions, that Defendant Wheeler delayed intervening in the altercation. He further alleges that Defendant Wheeler and other individuals used excessive force when they did intervene, including using a chemical powder that made breathing difficult, and shooting Plaintiff twice with a 40 mm impact round. He alleges members of the "Emergency Team Cert" used excessive force, including the use of tasers—and that camera footage showed an officer applying excessive force to Plaintiff's ankles. He alleges that various supervisor Defendants are responsible for the protocols and lack of training resulting in both the delayed and excessive response to inmate fights.

While the allegations and claims in both actions are duplicative, Plaintiff has named two Defendants in this case that he did not name in the prior action. To bring his claims against these Defendants, Durand should have sought leave to amend his first-amended complaint in the previously filed litigation pursuant to Federal Rule of Civil Procedure 15, rather than attempting to initiate this duplicative litigation to name these individuals as Defendants. Accordingly, the Court will dismiss this Complaint and provide Plaintiff an opportunity to amend his First Amended Complaint in the previously filed action pursuant to Federal Rule of Civil Procedure 15.

If Plaintiff chooses to file a second amended complaint in 3:19-cv-00365-MMD-WGC, he is advised that the second amended complaint supersedes (replaces) the first amended complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in his 3:19-cv-00365-MMD-WGC litigation. Moreover, Plaintiff must file the second amended complaint on this

Court's approved prisoner civil rights form, and it must be entitled "SECOND Amended Complaint."

It is therefore ordered that the Clerk of the Court file the proposed Complaint in 3:20-cv-00010-MMD-WGC (ECF No. 1-1).

It is further ordered that the Complaint in 3:20-cv-00010-MMD-WGC is dismissed as duplicative of the claims made in Plaintiff's previously filed case, *Roberto Durand v. State of Nevada, et al.,* 3:19-cv-365-MMD-WGC, pending before the Court.

It is further ordered that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that if Plaintiff chooses to file a second amended complaint in 3:19-cv-365-MMD-WGC, Plaintiff must file the second amended complaint on or before Friday, February 12, 2021.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint in 3:20-cv-00010-MMD-WGC (ECF No. 1-1), and a copy of his First Amended Complaint in 3:19-cv-00365-MMD-WGC (ECF No. 9). If Plaintiff chooses to file a second amended complaint in 3:19-cv-00365-MMD-WGC, he must use the approved form, and he must write the words "SECOND Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that the Clerk of the Court file a copy of this order in 3:19-cv-00365-MMD-WGC.

The Clerk of the Court is finally directed to close this case.

DATED THIS 11th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE