UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERTO DURAND,

                Plaintiff,

v.

NEVADA, STATE OF, et al.,

                Defendants.

Case No. 3:19-cv-00365-MMD-WGC

ORDER

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted several applications to proceed *in forma pauperis*. (ECF Nos. 1, 4, 5, 6, 20). It appears that none of the application are complete, but between the five applications, Plaintiff provided all the necessary paperwork. Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on February 9, 2021. (ECF No. 19). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 19, 23). The parties participated in a mediation conference, but they did not reach a settlement. (ECF No. 29.) As such, the Court lifts the stay in this case.

During the stay, Plaintiff filed two documents labeled as a first and second amended complaint. (ECF Nos. 21, 25.) The Court notes that Plaintiff previously filed a first and second amended complaint (ECF Nos. 9, 17.) As such, the newly filed complaints would be Plaintiff's third and fourth amended complaints. Because Plaintiff filed these complaints in violation of the Court's order staying this case, the Court does not accept them.

Furthermore, the Court notes that the second amended complaint in this case deals with allegations of excessive use of force on September 29, 2019. (ECF No. 17.) The complaints that Plaintiff filed during the stay deal with Plaintiff's psychiatric care.

1

(ECF Nos. 21, 25.) They do not appear to have any factual allegations or Defendants in common with the second amended complaint.

Plaintiff has multiple ongoing cases in this Court, and it is possible that Plaintiff inadvertently filed the new amended complaints in the wrong case. If Plaintiff wishes to bring claims based on allegations and defendants unrelated to this action, he should brings those claims in a new case.

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 20) is **GRANTED**. Plaintiff's previous applications to proceed *in forma pauperis* (ECF Nos. 4, 5, 6) are **DENIED** as moot. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Roberto Durand, #1078930** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

4. The Court does not accept the documents filed at ECF No. 21 or ECF No. 25 as operative complaints in this case. Plaintiff's second amended complaint, filed at ECF No. 17, remains the operative complaint in this case.

///

5. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's second amended complaint (ECF No. 17) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

7. Subject to the findings of the screening order (ECF No. 19), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the second amended complaint (ECF No. 17) within sixty (60) days from the date of this order.

10. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.

Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

11. This case is no longer stayed.

DATED THIS  4th  day of May 2021.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE