UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants | Case No.: 3:19-cv-00365-MMD -CSD<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 41 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for summary judgment. (ECF No. 41, 41-1 to 41-7, 43-1 to 43-3.) Plaintiff filed a response. (ECF No. 52.) Defendants filed a reply. (ECF No. 53.)

After a thorough review, it is recommended that Defendants' motion be granted because Plaintiff failed to exhaust administrative remedies before filing suit.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 17.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP).

The court screened Plaintiff's SAC and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Stubbs and Wheeler. (ECF No. 19.)

Plaintiff alleges that on September 29, 2019, a fight occurred among inmates. Defendants Wheeler and Stubbs were part of the response team. They first deployed gas, and then Wheeler shot Plaintiff three times with 40-millimeter rounds. After Wheeler shot Plaintiff, Stubbs tased him. Plaintiff claims that he complied with officers' commands, but Stubbs then unnecessarily applied pressure to Plaintiff's ankles, injuring them, and also dislocated Plaintiff's left shoulder.

Defendants move for summary judgment, arguing: (1) Plaintiff's Eighth Amendment claim fails because there is no evidence Plaintiff was injured in the manner he alleges, and only the necessary amount of force was applied when Plaintiff refused to stop fighting and choking another inmate; and (2) Plaintiff failed to exhaust administrative remedies before filing suit.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Unless the failure to exhaust is clear from the face of the

complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*., 1168, 1170-71 (citations omitted).

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)); *Draper v. Rosario,* 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate plaintiff did not meet his burden when he failed to identify any actions prison staff took that impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process)). The ultimate burden of proof, however, remains with the defendant. *Id*.

Exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v. Smith*, 810 F.3d 654,

657 (9th Cir. 2016) (quoting *Woodford,* 548 U.S. at 90). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

NDOC's grievance system is governed by Administrative Regulation (AR) 740, which requires an inmate proceed through the informal, first and second levels to exhaust a grievance. (ECF No. 41-4.)

Plaintiff filed informal level grievance 20063100638 on April 30, 2020, about the use of force on April 29, 2019. (ECF No. 41-2 at 2, 5.) There is an initial response to the informal level grievance with a transaction date of May 1, 2020, that states the grievance is "partially granted" insofar as it was referred to the Inspector General's Office for further investigation. (ECF No. 41-2 at 4.) There is a second response to the informal level grievance with a transaction date of October 26, 2020, that denies the grievance, finding Plaintiff failed to follow lawful orders to stop fighting, and as a result, reasonable force was utilized. (ECF No. 41-2 at 3.)

Plaintiff did not file a first or second level grievance addressing this use of force. (ECF Nos. 41-2, 41-3.)

AR 740 states that grievances may be: "GRANTED, DENIED, PARTIALLY GRANTED, ABANDONED DUPLICATE NOT ACCEPTED, OR GRIEVABLE, RESOLVED, SETTLEMENT OR WITHDRAWN or referred to the Investigator General's Office at any level as deemed appropriate after the claim in the grievance has been investigated." (ECF No. 41-4 at 3.) AR 740 later states that a grievance denied in its entirety may be appealed to the next level. (ECF No. 41-4 at 6.) If a grievance is "Granted"[1] at any level, the grievance process is considered complete and the inmate's administrative remedies are exhausted. (*Id.*)

---

[1] This provision does not refer to a grievance being "partially granted."

6

Here, Plaintiff's grievance was initially granted insofar as it was referred to the Investigator General. Plaintiff subsequently received a complete denial of his grievance, and under AR 740, he could then appeal the grievance to the subsequent levels. Plaintiff did not do so. Therefore, Defendants have sufficiently demonstrated he did not properly exhaust his administrative remedies.

Plaintiff's opposition does not contain a substantive response to the arguments of Defendants' motion for summary judgment. Instead, Plaintiff merely states that he opposes the motion because he has not had an opportunity to settle the case. (ECF No. 52.) As such, Plaintiff does not present an argument or evidence that the grievance process was unavailable to him.

Defendants' motion for summary judgment should be granted on exhaustion grounds. Since the time period to complete the grievance process for this issue has expired under AR 740, summary judgment should result in a dismissal with prejudice of the excessive force claim, instead of a dismissal without prejudice.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 41).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 21, 2022.

_____
Craig S. Denney
United States Magistrate Judge