UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>STATE OF NEVADA, *et al*.,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-00365-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Roberto Durand brings this 42 U.S.C. § 1983 action against Defendants Daniel Wheeler and Brandon Stubbs. (ECF No. 17.) Before the Court is the Report and Recommendation (ECF No. 54 ("R&R")) of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Defendants' motion for summary judgment (ECF No. 41 ("Motion"))[1] and dismiss Durand's Eighth Amendment excessive force claim[2] with prejudice, as amendment is futile. Durand had until April 4, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Defendants' Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1]Durand filed a response to the Motion (ECF No. 52) and Defendants filed a reply (ECF No. 53).

[2]Following the screening of Durand's Second Amended Complaint, the only remaining claim in this case was Durand's Eighth Amendment excessive force claim against Wheeler and Stubbs. (ECF No. 19 at 6.)

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. Judge Denney correctly found that Durand failed to exhaust his administrative remedies because he did not file a first or second level grievance regarding his use of force claim, as required by Nevada Department of Corrections procedures. (ECF No. 54 at 6.) Moreover, Durand did not appeal the subsequent denial of his grievance under Administrative Regulation 740. (*Id*. at 7.) *See* 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (noting that "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process") (citation omitted). Finally, Durand failed to show that existing administrative remedies were unavailable to him. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted). The Court therefore agrees with Judge Denney and adopts the R&R in full.

The Court also finds that Defendants have offered compelling reasons to support their motion to seal (ECF No. 42) exhibits 2, 3, and 4, since the need to protect Durand's sensitive medical information outweighs the need for public access. *See, e.g., Spahr v. Med. Dir. Ely State Prison*, Case No. 3:19-cv-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020); *see also Sapp v. Ada Cnty. Med. Dep't*, Case No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Co., LLC*, Case No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013).

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 54) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 41) is granted.

It is further ordered that Defendants' motion for leave to file exhibits 2, 3, and 4 under seal (ECF No. 42) is granted.

It is further ordered that this case is dismissed with prejudice, as Durand's time to complete the grievance process has passed and amendment is futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 11th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE